

MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRA TOWERS CORP., TBS MANAGEMENT, S.A., and DT HOLDINGS, INC.,

                Petitioners,

-against-

TELECOM BUSINESS SOLUTION, LLC, LATAM TOWERS, LLC, and AMLQ HOLDINGS (CAY) LTD.,

                Respondents.

Case No. 1:22-cv-07301-LAK-RWL

**AMENDED PETITION**

Petitioners Terra Towers Corp. ("**Terra Towers**"), TBS Management, S.A. ("**Terra TBS**"), and DT Holdings, Inc. ("**DTH**" and, together with Terra Towers and Terra TBS, "**Terra**"), as and for their petition against Respondents Telecom Business Solution, LLC ("**Peppertree TBS**"), LATAM Towers, LLC ("**Peppertree Towers**"), and AMLQ Holdings (Cay) LTD ("**AMLQ**" and, together with Peppertree Towers and Peppertree TBS, "**Peppertree**"), allege as follows:

**NATURE OF ACTION**

1.    Because arbitration awards are accorded great deference, the integrity of the process is paramount. Where there is even the appearance of bias or impropriety, an arbitrator must be disqualified. Here, the highly unusual (and irregular) circumstances created by Peppertree and exacerbated by the AAA tribunal require disqualification of the arbitral panel.

2.    In this case, Peppertree (1) unnecessarily alerted the arbitral tribunal to whistleblower allegations that the tribunal's chair and Goldman Sachs — an affiliate of Respondent AMLQ — were involved in improper conduct in connection with the ongoing

1

Memorandum Endorsement   <u>Terra Towers Corp. v. Telecom Bus. Sol. LLC</u>, 22-cv-07301 (LAK)

The amended petition to disqualify the arbitral panel (Dkt 15) is denied for substantially the reasons stated in Respondents' opposition (Dkt 27).[1] Petitioners' motion for leave to supplement the amended petition (Dkt 44) is denied as futile[2] substantially for the reasons explained by Respondents (Dkt 50).

SO ORDERED.

Dated:   February 20, 2024

Lewis A. Kaplan
United States District Judge



---

[1] *See also Telecom Bus. Sol., LLC v. Terra Towers Corp.*, No. 22-CV-1761 (LAK), 2023 WL 257915, at *7 (S.D.N.Y. Jan. 18, 2023), *aff'd*, No. 23-144, 2024 WL 446016 (2d Cir. Feb. 6, 2024) (noting that "Terra agreed . . . to abide by the AAA Commercial Arbitration Rules, including Rule 18(c) stating that such decisions by ICDR 'shall be conclusive'" (quoting AAA Commercial Rule 18(c)).

[2] *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (a district court may deny a Rule 15(d) motion if the supplementation would be futile).