UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERRA TOWERS CORP., TBS MANAGEMENT, S.A., and DT HOLDINGS, INC.,<br><br>*Petitioners,*<br><br>v.<br><br>TELECOM BUSINESS SOLUTION, LLC, LATAM TOWERS, LLC, and AMLQ HOLDINGS (CAY) LTD.,<br><br>*Respondents.* | No. 22-cv-07301-LAK |

# PETITIONERS' MEMORANDUM IN SUPPORT OF
# MOTION FOR RECONSIDERATION

### I.      Preliminary Statement

Petitioners Terra Towers Corp. ("Terra Towers"), TBS Management, S.A. ("Terra TBS"), and DT Holdings, Inc. ("DTH" and, together with Terra Towers and Terra TBS, "Terra"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, submit their memorandum of law in support of Petitioners' Motion for Reconsideration or Alteration of the Court's Memorandum Endorsement dated February 21, 2024, (the "Endorsement"), which denied Petitioners' amended petition to disqualify the arbitral panel. (DE 59). Petitioners' motion is timely pursuant to Rule 59(e).

Terra, along with Respondents, Telecom Business Solution, LLC, LATAM Towers, LLC (together, "Peppertree"), and AMLQ Holdings (Cay) Ltd. ("AMLQ"), are shareholders of Continental Towers LATAM Holdings Limited (the "Company"). The Company, whose business is the development and operation of telecommunications towers in Central and South America, was formed in 2015, when Peppertree made a private equity investment in the Company's predecessor, which until then had been wholly owned by or through affiliates of Terra Towers and Terra TBS. Terra Towers and Terra TBS became the majority shareholders of the Company, and Peppertree

became the minority shareholders. On October 22, 2015, in connection with the Company's formation, the parties executed a Shareholders Agreement.

On February 2, 2021, Peppertree filed a demand for arbitration against Terra and other parties in an arbitration styled *Telecom Business Solution, LLC, et al. v. Terra Towers Corp, et al*., AAA Case No. 01-21-0000-4309. The central issue of the Parties arbitration involved Claimants forced sale of the Company. Claimants allege Terra breached the Shareholders Agreement, obstructed the sale of the Company, and wrongfully caused the Company to develop and acquire towers. Terra alleged Claimants engaged in a pattern of bad faith conduct spanning the duration of the Parties' dealings, in pursuit of their ultimate goal of stealing Terra's majority interest in the Company, by wrongfully rejecting tower development projects and ordinary course lease renewals with telecom operators to depress the value of the Company. Claimants' intentional devaluation of the Company was done in anticipation and preparation of one of their latest attempts to steal the Company and deprive Terra of the fruits of their agreement, *i.e.,* the Torrecom squeeze-out merger.

Peppertree named Richard F. Ziegler as its arbitrator. Terra named Mélida Hodgson as its arbitrator. After three candidates for Chair declined for various reasons, Ziegler and Hodgson added three new candidates to the proposed list and, after an agreed rank-and-strike process, Marc J. Goldstein was selected as chair of the tribunal. On July 2, 2021, Goldstein signed the "Arbitrator's Oath", in which he was required to disclose, as a condition of his service on the tribunal, any information that might create an appearance of partiality. At that time, Goldstein did not disclose his family connection to AMLQ's affiliate, Goldman Sachs. On July 19, 2021, the AAA confirmed the three-arbitrator tribunal.

Terra commenced this action on August 19, 2022, by Order to Show Cause and Verified Petition in the Supreme Court for the State of New York, County of New York, a special proceeding under CPLR, Article 75. *See Terra Towers Corp. et al v. Telecom Business Solution, LLC et al*, Index

No. 652992/2022. On August 22, the Hon. Margaret Chan signed the order to show cause and set a return date for September 7, 2022. On August 26, Peppertree removed the action to this Court.

On September 7, 2022, Petitioners filed before this Court their Petition to Disqualify the Panel. Petitioners sought from this Court an Order disqualifying the tribunal based on, *inter alia*, the panel's repeated demonstration of bias, disclosure failures by the tribunal, third-party allegations that the chair may have been bribed by Claimants, Claimants' wholly baseless claim, which they *made to the tribunal,* that Terra was somehow responsible for the bribery allegations—further fueling the panel's bias against Petitioners, and the subsequent investigation on the bribery allegations *against the Chairman* being conducted—*by the Chairman*. Petitioners argued before this Court their fear in September of 2022 that allowing the arbitration to proceed by this panel would result in awards tainted by the panels bias, predeterminations, and partiality, which has demonstrably become the case now.  Nevertheless, on February 21, 2024, this Court denied Petitioners' Disqualification motion "for substantially the reasons stated in Respondents' opposition." (DE 59).

## II.     Relief Sought

Terra/DTH seeks reconsideration, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, of the Court's Memorandum Endorsement denying their petition to disqualify the panel. The Court should reconsider its Endorsement upon newly discovered evidence to correct error and prevent manifest injustice.

## III.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 59(e), a party may move within 28 days after the entry of judgment to alter or amend the judgment. Fed. R. Civ. P. 59(e). District courts "have considerable discretion in determining whether to grant or deny a motion under Rule 59(e)". *Morisseau v. DLA Piper*, 532 F. Supp. 2d 595, 598 (S.D.N.Y. 2008). A court may alter or amend a judgment "to correct a clear error of law or prevent manifest injustice." *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014).

A motion to alter or amend a judgment pursuant to Rule 59(e) is appropriate when a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion" and which, if examined, might reasonably have led to a different result. *Saunders v. Edwards*, 2003 WL 23021948 (S.D.N.Y. December 18, 2003) (citing *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000)). Finally, a Rule 59(e) motion is also appropriate when "the movant establishes an intervening change in controlling law, [or] offers newly discovered evidence." *Morisseau*, 532 F. Supp. 2d at 598. Reconsideration is warranted here.

IV.     **Argument**

i.      **New Activity After the Filing of Petitioners' Petition to Disqualify the Panel Strongly Supports an Inference of Partiality Warranting Reconsideration.**

Since the time of Terra's September 2022 Petition to Disqualify (DE 15), the panel's, simply put, *inability*, to remain impartial has become even more apparent through new evidence that has come to light. Specifically, the discovery that the Chairman maintains a blog under which, not only does he make thinly veiled references demonstrating his predeterminations in favor of Claimants and against Terra/DTH, but he also unapologetically jeopardizes the confidentiality of the proceedings.[1] The Chairman's blog is a self-claimed "widely-read and admired"[2] tell-all style platform under which the Chairman boasts about his performance, often times, in *active* arbitrations he oversees. Terra has had the great misfortune of being his latest victim.

In fact, the target being placed on Terra is even more clear by virtue of the fact that after a one-year hiatus in his commentaries, his triumphant return with the publishing of the post *The Blog is Back!* occurred on April 28, 2022, a mere month after both the allegations of bribery had come to light and Terra had moved to vacate the First Partial Final Award.[3]

---

[1] Rodriguez Declaration Ex. 1

[2] *Id*.

[3] Rodriguez Declaration Ex. 4

Through a series of blogposts since this return, the Chairman has proven his aversion to Terra. One which instance, specifically, occurred on August 4, 2023, when the Tribunal Chair published a post entitled *On Contempt and Award Compliance* which describes current issues in these proceedings and makes veiled references to Terra and the former director of the Company, Hernandez.[4] Therein, the Tribunal Chair presents his readers with the scenario of a "*losing party*" "*determined to fight on, not only after an adverse Award but beyond the judicial confirmation of the Award*" and "*determined to pay any price for victory decides to marginalize the arbitration into but one of many battlefronts in a multiple-forum war*". His scenario also involves an award for specific performance and provides as an example of such "*losing party*" a "*non-US controlling person of a foreign business entity, who may travel to the United States regularly to carry on business and may also have one or more US places of residence for herself and her family.*" He then proceeds to provide his readers with "*a brief sketch and discussion of some relevant aspects of the contempt law landscape affecting arbitration awards in US federal courts*" so that they are *"well advised to understand how the applicable law of contempt may have an impact."*[5]

In addition to the Chair's very brief overview on contempt law, the post is riddled with suggestions, the nature of which and whom they're intended for, speaks for itself. Including, the ability to seek **"coercive incarceration as a civil contempt sanction***, upon the theory that the contemnor goes behind bars while holding the keys to her release: compliance with the Judgment*" specifically**,** "*even while an appeal of the judgement is still pending.*"[6] *On Contempt* was published around the same time that compliance with this Court's judgement confirming the FPFA was at issue in the arbitration proceedings.

---

[4] Rodriguez Declaration Ex. 2

[5] *Id.*

[6] *Id.*

Another post-of-interest was the blogpost *Gotham Novit Curia*, wherein, the Chairman discusses the principle of "Jura Novit Curia," a Latin term translating to "the court knows the law."[7] In his blogpost Gotham Novit Curia, Goldstein refers to himself as a "*moderate rejectionist*" which he defines as someone who permits legal inquiry into authorities—other than those presented by the parties—by arbitrators, but in narrow windows that *he believes* does not alter "*the party-driven character of the overall process*."

However, he himself readily admits that the troubling implication of this principle is when "*an arbitral tribunal could see its way to reject a legal outcome based on the submissions of either party,* **determine the outcome** *based on entirely on legal theories and authorities identified by the Tribunal, and* **salvage its award from annulment** *by sharing those theories and authorities with the parties for them to provide comments in advance of the award*." A practice known to him all too well, as demonstrated by Terra to this Court in their September of 2022 Petition to Disqualify. (DE 15).

    ii.    **The Court's Order Imposes Manifest Injustice on Respondents.**

The Code of Ethics for Arbitrators in Commercial Disputes before the AAA (the "Code") states:

> *Arbitrators should conduct themselves in a way that is fair to all parties and should not be swayed by outside pressure, public clamor, and fear of criticism or self-interest. They should avoid conduct and statements that give the appearance of partiality toward or against any party.* Code, Canon 1(D).
>
> *The arbitrator should afford to all parties the right to be heard and due notice of the time and place of any hearing. The arbitrator should allow each party a fair opportunity to present its evidence and arguments. The arbitrator should not deny any party the opportunity to be represented by counsel, or by any other person chosen by the party.* Code, Canon II(B)-(C).

---

[7] Rodriguez Declaration Ex. 3

As illustrated, however, this Tribunal gives the appearance of partiality and has made multiple unnecessarily offensive expressions against one of the parties, revealing a severe lack of impartiality, justifying disqualification.[8]

V.      Conclusion

By not interfering through way of disqualifying the panel, this Court is allowing Terra to be subject to a waste of time and resource in light of predeterminations by a biased tribunal and be stripped of all their rights in Phase 2 of the arbitration proceedings. Petitioners' Motion for Reconsideration should be granted. The Tribunal, as shown above with newly discovered evidence, is objectively biased against Terra. For the foregoing reasons, Petitioners respectfully request that the Court Reconsider or Alter its Memorandum Endorsement (DE 59) (the "Endorsement"), dated February 21, 2024, and grant Terra/DTH's Petition to Disqualify.

Dated: Miami, FL

    March 19, 2024

                                        Respectfully submitted,

                                        **CAREY RODRIGUEZ LLP**
                                        By: /s/ *Juan J. Rodriguez*
                                        Juan J. Rodriguez*

                                        1395 Brickell Avenue, Suite 700
                                        Miami, Florida 33131
                                        Phone: 305-372-7474
                                        Fax: 305-372-7475
                                        jrodriguez@careyrodriguez.com
                                        *Admitted Pro Hac Vice*

                                        *Counsel for Petitioners*

---

[8] The standard for disqualification under New York law is "the appearance of bias." *Matter of Excelsior 57th Corp. v. Kern*, 218 A.D.2d 528, 530, 630 N.Y.S.2d 492 (1st Dep't 1995); *See also Rabinowitz v. Olewski*, 100 A.D.2d 539, 540 (N.Y. App. Div. 1984) (The proper standard under New York law is "whether the arbitration process is free of the appearance of bias.)

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Clerk using appellate CM/ECF system on March 19, 2024. All counsel of record are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

/s/ *Juan J. Rodriguez*
Juan J. Rodriguez
*Counsel for Petitioners*