

**BY CM/ECF**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   ***Terra Towers Corp., et al., v. Telecom Business Solution, LLC, et al.,***
      Civil Action No.: 1:22-cv-07301 (the "Disqualification Action")
      ***Telecom Business Solution, LLC, et al. v. Terra Towers Corp., et al.,***
      Civil Action No.: 1:22-cv-01761 (the "Confirmation Action")

Your Honor:

Our firm represents Terra Towers Corp, et al. ("Terra") in the above actions. Terra opposes Telecom Business Solution, LLC, LATAM Towers, LLC and AMLQ Holdings (Cay), Ltd.'s (collectively, "Peppertree-AMLQ") Letter-Motion seeking the sealing of certain filings in the Disqualification Action, including the Motion for Reconsideration (DE 60-62) and the Reply thereto (DE 68), and certain filings in the Confirmation Action.

In the Confirmation Action, Terra/DTH has—*in full and complete compliance with the Court's Orders*—filed its Reconsideration Materials under seal, a fact acknowledged and undisputed by the opposition. However, as all parties in this action are well aware, the Disqualification Action is subject to no such order.[1] Sealing judicial records must be consistent with the presumption in favor of public access to judicial documents. *Lugosh v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006); *see also Robert Bosch GmbH v. Honewell Int'l Inc.*, No. 14 CV 9432 PKC, 2015 WL 128154, at *1 (S.D.N.Y. Jan. 6, 2015) ("A party to an arbitration proceeding that is subject to confirmation proceedings in a federal court ***cannot have a legitimate expectation of privacy in all papers pertaining to the arbitration*** because the party should know of the presumption of public access to judicial proceedings.") (emphasis added); *see*

---

[1] "Documents may not be placed under seal or redacted without leave of the Court." SDNY Electronic Case Filing Rules 6.1. When a party seeks to file a document under seal in CM/ECF, they are required to reference the specific docket entry where the Court has granted permission to seal. Notably, Peppertree-AMLQ's letter motion to seal attempts to circumvent this rule by incorrectly linking their motion to Docket Entry 33 in the Disqualification Action. This entry only authorized the sealing of Peppertree-AMLQ's Opposition to the Amended Petition and did not extend to subsequent filings.

1395 Brickell Avenue ● Suite 700 ● Miami, Florida 33131 ● 305.372.7474 Telephone ●305.372.7475 Fax
www.careyrodriguez.com

*also Glob. Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co.*, No. 07 CIV. 8196 (PKC), 2008 WL 1805459, at *2 (S.D.N.Y. Apr. 21, 2008), as amended (Apr. 24, 2008) ("In circumstances where an arbitration award is confirmed, the public in the usual case has a right to know what the Court has done").

Peppertree-AMLQ's motion to seal is also ill-founded and exceedingly ironic given what it seeks to seal is a motion regarding the arbitration Chairman's "*widely-read and admired*" public online blog. (Disqualification Action, DE 61 Rodriguez Declaration Ex. 1). If Peppertree-AMLQ is genuinely concerned about confidentiality, their efforts might be better directed towards addressing the openness of the arbitrator's blog. However, before this Court, "[b]ecause it is at the heart of what the Court is asked to act upon," the Chairman's conduct is a matter that does not defeat the presumption in favor of public access. *Glob. Reinsurance Corp.-U.S. Branch*, WL 1805459, at *1. The Court is obligated to conduct its own thorough examination before sealing court records and typically disallows the wholesale sealing of motion papers, even when both parties propose it. *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982).

For these reasons, and in light of the strong presumption in favor of public access, Terra/DTH respectfully requests that the Court deny Peppertree-AMLQ's letter request to seal filings in the Disqualification Action.

Date: April 15, 2024,                                      Respectfully Submitted,

                                                           */s/ Juan J. Rodriguez*
                                                           Juan J. Rodriguez
                                                           *Counsel for Terra, et al.*

CC: All Counsel of Record.